**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES

VERSUS

JESUS ALBERTO VILLAFRANCO-ELIZONDO

CRIMINAL ACTION

16-115-SDD-RLB

## RULING

This matter is before the Court on the *Motion Requesting a Ruling on an Unresolved Issue Raised in Defendant's Motion to Suppress Evidence*[1] filed by Defendant, Jesus Alberto Villafranco-Elizondo ("Defendant"). The motion is opposed.[2] For the reasons that follow, the Court finds that Defendant's motion shall be DENIED.

Defendant Jesus Villafranco-Elizondo was driving a truck and trailer from Texas to Louisiana on October 5, 2016 when he was pulled over on Interstate 10 in West Baton Rouge Parish by Corporal James Woody of the West Baton Rouge Sheriff's Office (WBRSO). In the course of the traffic stop, WBRSO deputies conducted a search of Defendant's truck and trailer, eventually transporting the vehicle to a WBRSO shop, where thirty-one kilograms of cocaine were discovered in hidden compartments in the trailer.[3] Then, on October 13, 2016, a grand jury in the Middle District of Louisiana issued an *Indictment* charging Defendant with Possession with Intent to Distribute 5 Kilograms

---

[1] Rec. Doc. No. 69.
[2] Rec. Doc. No. 79, *Government's Memorandum in Opposition to Defendant's Motion for Ruling on Unresolved Issue.*
[3] Rec. Doc. No. 64, p. 7.
57667

or More of Cocaine, in violation of 21 U.S.C. § 841(a)(1).[4] Defendant filed a *Motion to Suppress* the evidence against him, arguing that the traffic stop that led to the discovery of cocaine in his vehicle was not justified by reasonable suspicion at its inception and that the duration of the stop, among other factors, gave rise to a Fourth Amendment violation.[5] After a hearing on May 24, 2017, this Court granted Defendant's *Motion to Suppress.*[6] The Government appealed the ruling to the United States Court of Appeals for the Fifth Circuit,[7] and the Fifth Circuit reversed this Court on October 10, 2018.[8]

In the instant *Motion*, Defendant notes that the Government's appeal to the Fifth Circuit only challenged this Court's findings of no reasonable suspicion and tainted consent.[9] So, Defendant argues, although the Fifth Circuit held that Corporal Woody did have reasonable suspicion of criminal activity to justify a prolonged detention, that holding "did not dispose of the issue regarding the scope of the consent"[10] that Defendant raised in his *Motion to Suppress.* Specifically, Defendant admits that he consented to the deputies' search of his truck and trailer,[11] but contends that the scope of his consent "was exceeded when officers took [him] into custody and drove his vehicle to the Sheriff's Department, kept [him] detained in the backseat of a police car for approximately two hours during the ongoing search, and dismantled [his] vehicle before locating contraband."[12] Thus, Defendant prays for this Court to consider and rule on the scope of consent issue.

---

[4] Rec. Doc. No. 8.
[5] Rec. Doc. No. 29.
[6] Rec. Doc. No. 40.
[7] Rec. Doc. No. 55.
[8] Rec. Doc. No. 64.
[9] Rec. Doc. No. 69, p. 2.
[10] Rec. Doc. No. 69, p. 2.
[11] Rec. Doc. No. 64, p. 6 ("you can check whatever you want, that's fine.").
[12] Rec. Doc No. 69, p. 2.

57667

For its part, the Government argues that "this Court need not rule on whether officers exceeded the scope of defendant's consent,"[13] explaining that such a ruling would be unnecessary because "the Fifth Circuit has decided that there was probable cause to search the car before it was transported to the shop and searched more thoroughly. That decision is law of the case and cannot be reconsidered by this Court."[14] Because the Fifth Circuit held that the search was supported by probable cause and not based on the Defendant's consent, the Government notes that, as a matter of law, the deputies were justified in searching "every part of the vehicle and its contents that may conceal the object of the search."[15] Moreover, the Government cites *United States v. Powell*, *United States v. Zucco*, and *United States v. Baneulos-Romero*, cases where the Fifth Circuit held that when officers have probable cause, the dismantling of a vehicle in the course of a search is permissible.[16]

The Court agrees with the Government that a ruling on the scope of consent issue is unnecessary. Because the Fifth Circuit explicitly found that the WBRSO deputies developed probable cause in the course of the traffic stop,[17] the law is clear that regardless of the scope of Defendant's consent, once they had probable cause, the deputies were authorized by existing precedent to prolong the search by moving the vehicle to the WBRSO shop for further, more invasive, searching.

---

[13] Rec. Doc. No. 79, p. 1.
[14] Rec. Doc. No. 79, p. 5 (citing *United States v. Bazemore*, 839 F.3d 379, 385 (5th Cir. 2016).
[15] Rec. Doc. No. 79, p. 5 (quoting *Ross*, 456 U.S. at 825).
[16] 732 F.3d 361 (5th Cir. 2013); 71 F.3d 188 (5th Cir. 1995); 597 F.3d 763, 768, n. 1 (5th Cir. 2010).
[17] Rec. Doc. No. 64, p. 16.
57667

Accordingly, for the foregoing reasons, Defendant's *Motion*[18] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on November 1, 2019.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[18] Rec. Doc. No. 69.

57667